UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   Action No.: 1:22-CV-03432
EBONY JOHNSON- KEE as Administrator of the Estate of
SHARIEF RUSSELL JR Deceased,
                                            Plaintiff(s),
                    -v-                                          **VERIFIED COMPLAINT**

UNITED STATES,
                                            Defendant(s).
-------------------------------------------------------------------------X   Jury Trial Demanded

Plaintiff(s), through the attorneys, The Fitzgerald Law Firm, P.C., allege, upon information and belief, the following:

## THE PARTIES

1. Plaintiff, EBONY JOHNSON-KEE, is the mother and natural guardian of decedent SHARIEF RUSSELL JR, and has resided at all times material hereto in Queens County, New York. Decedent died on February 2, 2018.

2. Plaintiff was appointed administrator of the estate of Decedent by the New York State Surrogates Court, Queens County, on April 16, 2021. A copy of the Letters of Administration is attached hereto.

3. Defendant, UNITED STATES, operated, managed, subcontracted, and funded THE FLOATING HOSPITAL (INCORPORATED), a medical health clinic existing under and by virtue of the laws of the State of New York, with its principal placed of business located at 41-40 27TH St, Long Island City, NY 11101

4. Defendant, UNITED STATES, through THE FLOATING HOSPITAL (INCORPORATED), employed all medical providers involved in the care and treatment of Infant Plaintiff and Infant Plaintiff's mother during the relevant times, including but not limited to, SARAH MARIE SPADAFINA MD.

1

## SUBJECT-MATTER JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1346(b) and 1367(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(e) because the acts and omissions alleged occurred within the Eastern District of New York.

## OPERATIVE FACTS

7. The decedent plaintiff was treated at THE FLOATING HOSPITAL (INCORPORATED) located at 41-40 27th St, Long Island City, NY 11101, from January 1, 2018 through November 20, 2018. On November 20, 2018 during early afternoon the decedent's parent reported the infant's symptoms including wheezing, barking cough, nasal congestion, and shortness of breath to SARAH MARIE SPADAFINA MD who sent the infant home. The infant was pronounced dead in the evening.

7. On November 20, 2020, the adult plaintiff, commenced a state court action in the Supreme Court bearing Index No. 722447 / 2020 against defendants, THE FLOATING HOSPITAL (INCORPORATED) and SARAH MARIE SPADAFINA MD, for claims of personal injury, wrongful death and lack of informed consent resulting from defendants' medical malpractice.

8. On or about December 10, 2020, the US Federal Attorney's office, notified plaintiff's Counsel that THE FLOATING HOSPITAL (INCORPORATED) was a Federal Clinic and SARAH MARIE SPADAFINA MD was a federal employee.

9. On or about February 22, 2021 the Acting United States Attorney for the Eastern District of New York filed a Notice of Removal resulting in the action being removed from New York State Supreme Court to the United States District Court Eastern District of New York.

10. On or about February 22, 2021 the U.S. District Attorney for the Eastern District of New York and plaintiff's counsel entered into a stipulation dismissing the federal action without prejudice and allowing plaintiffs to exhaust administrative remedies with the Department of Health and Human Services before filing an action pursuant to 28 U.S.C. §2675.

## FEDERAL TORT CLAIMS ACT (FTCA) ADMINISTRATIVE PROCEDURE

11. EBONY JOHNSON-KEE submitted claims on her behalf in the amount of $1,000,000 and on behalf of the Estate in the amount of $10,000,000 with the Department of Health and Human Services, Office of the General Counsel, which were received on April 28, 2021. See attached. To date, plaintiffs have not been served with a final determination letter and more than six months have elapsed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR CONSCIOUS PAIN AND SUFFERING

12. Defendant(s) and agents, servants, and employees undertook to attend and provide medical care for Decedent in a reasonable, proper, and skillful manner during the Decedent's care at THE FLOATING HOSPITAL (INCORPORATED), on or about November 20, 2018 until decedent's death on November 20, 2018.

13. Defendant(s) and agents, servants, and employees were negligent and committed malpractice in their treatment of Decedent by, but not limited to failure to heed infant's medical history at birth including need for intubation; ignored infant's prior diagnosis with Bronchitis; failure to inquire whether infant had fevers; ignored vital signs, including respiratory rate with intercostal retractions, ignored infant was at high risk for serious respiratory problems; failed to place infant on oximeter to measure infant's oxygen saturation level; and failed to transfer infant to a medical facility with higher care.

14. Defendant(s) and agents, servants, and employees provided the care to Decedent at the facilities owned and operated by Defendant UNITED STATES.

15. Decedent sustained severe and permanent injuries, including, but not limited to, pre-death conscious pain and suffering up until Decedent's untimely death as a result of the negligence and malpractice of Defendant UNITED STATES and agents, servants, and employees.

16. The injuries and damages sustained by Decedent were caused solely by the negligence of Defendant(s) and agents, servants, and employees without any negligence on the part of Decedent or Decedent's mother contributing thereto.

17. Plaintiff's Decedent sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR WRONGFUL DEATH

18. As a result of the negligence of Defendant(s) and agents, servants, and employees, Decedent sustained severe injuries, which resulted in an untimely death.

19. Decedent left surviving next-of-kin and/or distributees.

20. As a consequence of the foregoing, Decedent's estate became liable for funeral and other expenses.

21. As a consequence of the foregoing, Decedent's next-of-kin and/or distributees lost the services, income, support, and guidance of the Decedent, and all were economically damaged in a sum in excess of the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

22. Defendant(s) and agents, servants, and employees performed some and failed to perform other medical treatments, procedures, surgeries, and/or diagnostic procedures upon Plaintiff

patient(s) without obtaining the informed consent of Plaintiff patient(s), including but not limited to failure to refer to a facility of higher medical care.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR LACK OF INFORMED CONSENT

23. Defendant(s) and agents, servants, and employees performed some and failed to perform other medical treatments, procedures, surgeries, and /or diagnostic procedures upon decedent patient without obtaining the informed consent of patient's parent including but not limited to sending the infant home with the parent instead of offering the parents an ambulance to transport the infant to a facility of higher care or instructing the parents to immediately seek care and treatment at a facility of higher care.

24. Defendant(s) and agents, servants, and employees failed to advise the decedent plaintiff's parent of the risks, dangers, and consequences associated with the performance or non-performance of the aforesaid medical treatments, procedures, surgeries and diagnostic procedures.

25. A reasonably prudent person in the position of Plaintiff patient(s) would not have permitted, allowed, or undergone the medical treatments, procedures, surgeries, and/or diagnostic procedures and would have chosen a different course of treatment if he/she had been fully informed of the risks, dangers, and consequences.

26. As a result of the aforesaid medical treatments, procedures, surgeries, and/or diagnostic procedures being withheld or performed upon decedent plaintiff, without the informed consent of decedent' plaintiff's parent, plaintiffs sustained personal damages.

27. Such a lack of informed consent is a proximate cause of the damages to the Plaintiffs for which relief is sought herein.

28. Decedent Plaintiff sustained severe and permanent injuries as a result of the failure to obtain an informed consent by Defendant(s) and agents, servants, and employees.

29. The injuries and damages sustained by Plaintiff(s) were caused solely by the negligence and malpractice of Defendant(s) and agents, servants, and employees without any negligence on the part of Plaintiff patient(s) contributing thereto.

Plaintiff(s) sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction

## STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 1602

30. One or more of the exceptions in CPLR § 1602, including but not limited to Subsection 2(iv) and 7 are applicable to all causes of action and Defendant is jointly and severally liable with all other tortfeasors whether parties to this action or not.

## RELIEF

31. WHEREFORE, Plaintiff(s) demand judgment against Defendant, UNITED STATES, on all causes of action for:

   a. Damages in the amount of $11,000,000.00

   b. Costs, disbursements, and attorney fees; and

   c. Such other and further relief as the Court may deem proper.

32. WHEREFORE, Plaintiff(s) demand judgment against Defendant, UNITED STATES, on all causes of action in an amount that exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs, and disbursements of same as allowed by law.

Dated:  Yonkers, New York
        June 10, 2022

_____
The Fitzgerald Law Firm, P.C.
Attorneys for Plaintiffs
By: James P. Fitzgerald
EDNY Bar Code JF6363
538 Riverdale Ave
Yonkers, NY 10705
Tel: (914) 378-1010
Fax: (914) 378-1092
service@lawfitz.com

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

The undersigned, an attorney duly admitted to practice in the State of New York, under the penalties of perjury affirms as follows:

1. I am one of the attorneys for Plaintiff(s) in this action.

2. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

3. The reason this verification is made by me and not by Plaintiff(s) is that Plaintiff(s) is/are not presently within the county wherein the attorneys' offices are located.

4. The grounds of my belief as to all matters not stated upon my own knowledge are investigations made and reports of investigation received by me.

Dated:    Yonkers, New York
          June 10, 2022

_____
James P. Fitzgerald, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Action No.: 1:22-CV-03432
EBONY JOHNSON- KEE as Administrator of the Estate of
SHARIEF RUSSELL JR Deceased,

                                                    Plaintiff(s),

              -v-

UNITED STATES,

                                                   Defendant(s).
------------------------------------------------------------------------X

## VERIFIED COMPLAINT

### THE FITZGERALD LAW FIRM, P.C.

*Attorneys for Plaintiffs*
*538 Riverdale Ave*
*Yonkers, NY 10705*
*Tel: (914) 378-1010*
*Fax: (914) 378-1092*
service@lawfitz.com